**Bruce E. McFARLAND, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

**No. 15575.**

United States Court of Appeals Ninth Circuit.

Dec. 18, 1957.

Rehearing Denied Jan. 23, 1958.

Bruce E. McFarland, Stanford, Cal., in pro. per.

Myles F. Gibbons, Gen. Counsel, David B. Schreiber, Associate Gen. Counsel, Richard D. Quinlan, Edward E. Reilly, Atty., Railroad Retirement Board, Chicago, Ill., for appellee.

Before HEALY and FEE, Circuit Judges, and ROSS, District Judge.

HEALY, Circuit Judge.

This is a petition for review of a decision of the Railroad Retirement Board

denying petitioner unemployment benefits under the Railroad Unemployment Insurance Act, 45 U.S.C.A. §§ 351–367, with respect to any of the days from February 23, 1956, through May 30, 1956. The denial was on the ground that petitioner was not during that period "available for work" as that term is defined in 45 U.S.C.A. § 351(k). This provision, so far as here material, reads: "(k) Subject to the provisions of section 354 of this title (1) a day of unemployment, with respect to any employee, means a calendar day on which he is able to work and is available for work * * ."

Petitioner, who is about thirty years old, is a brakeman with the Southern Pacific Company. He had low seniority, and for several years had been laid off work during the usually slack period of January through May. The procedure of the Railroad Company in such matters is to furlough the employee for the period when it is known he will not be called for work. The effect of such furlough is to relieve the employee of the possibility of his being recalled to work, while allowing him to maintain his status as an employee for seniority and retirement purposes. Petitioner assumed from past experience that he would be furloughed about the end of the year 1955 and would not be recalled by the Railroad until the end of May 1956.[1] Therefore he enrolled for full-time studies at Stanford University for the spring term. [During past layoffs and during his employed time petitioner had previously completed two years of college work.]

Because of unforeseen heavy employment in late 1955 the Railroad Company did not furlough appellant as he had anticipated it would. On December 29 he laid off sick a day and then applied for and was granted a leave of absence by the Railroad for 30 days. During this period, namely, on January 3, 1956, he began his studies at Stanford.[2] When the 30 days were up he had not yet been furloughed so he applied for and was granted another 30 days—namely from February 2 through March 1. On February 7, 1956, he was furloughed by the Railroad Company. He wrote for and obtained from the Company a notice of reduction in force. Starting on February 9, 1956, he claimed unemployment benefits under the Railroad Retirement Act, 45 U.S.C.A. § 228a et seq., and was paid benefits from February 9 through February 22, when their payment was stopped as indicated at the outset of this opinion.

During March petitioner contacted several concerns seeking employment offers. On April 6, 1956, he was instructed by the Board to go to the Palo Alto office of the State Employment Service, which he did on April 9. Apparently he told the employment interviewer that he was available for work only on afternoons and evenings except Mondays. He was not offered any employment by the Service. On May 28 he was ordered by the Railroad Company to return to work, and he availed himself of 23 days of his 30-day grace period before returning in order that he might take his final examinations.

Petitioner's application for unemployment benefits from February 22 to May 28 of 1956 was denied on the ground that the period did not constitute days of unemployment in which he was "available for work," as required by the statute and as defined by the regulations of the Railroad Retirement Board. The Board's definition as set out in the Code of Federal Regulations at §§ 327.5 and 327.15, reads in pertinent part:

"§ 327.5 Meaning of 'available for work'—(a) General definition. A claimant for unemployment benefits is available for work if he is willing and ready to work.

"(b) Willing to work. A claimant is willing to work if he is willing to accept and perform for hire

---

**1.** Under the furlough system once a worker is recalled he has 30 days in which to report for work.

**2.** His attendance at Stanford continued from that date until June 20, 1956.

such work as is reasonably appropriate to his circumstances * *.

"(c) Ready to work. A claimant is ready to work if he:

"(1) Is in a position to receive notice of work which he is willing to accept and perform, and

"(2) Is prepared to be present with the customary equipment at the location of such work within the time usually allotted."

"327.15 Reasonable efforts to obtain work (a) Requirement: A claimant may be required at any time to show, as evidence of willingness to work, that he is making reasonable efforts to obtain work which he professes to be willing to accept * * *."

As authority for the promulgation of regulations the Board calls attention to 45 U.S.C.A. § 362(l), shown on the margin.[3]

Petitioner asserts that the regulations alter the meaning of the statute. He argues that the latter requires no more than that he be available for work in the sense the word is normally used, that is to say, he contends that under the statute he was entitled to sit at home and await employment opportunities. He agrees that if the Board finds a job for him he is obliged to take it, but he contends that not having been offered a job there is no showing of his being unavailable for work in the statutory sense.

We are not prepared to say that the regulations are unreasonable when considered in light of the general purposes of the statute. Moreover, the referee, whose findings and decision the Board adopted, found as a fact that petitioner was not available for work during the period in question. In the course of his findings the referee observed:

"The appellant's actions in obtaining leaves of absence and a letter of notice of reduction in force, and in electing not to return to work at the first opportunity after being recalled by his employer, are convincing evidence that he was not willing to work for the railroad during the school term, and it is apparent that it was his intention to return to the railroad after the school term and therefore was not willing to take other work on a permanent basis."

The referee continues that the efforts to obtain employment were not enough to convince him (the referee) that petitioner was willing to work.

A further circumstance tending to buttress the referee's view appears in the record, namely that while attending school the petitioner received tax free payments from the Veterans Administration which would have ceased had he left school to accept employment. Petitioner admitted to the referee that these payments were considerable in amount.

The Board's decision is affirmed.

3. "362(l) In addition to the powers and duties expressly provided, the Board shall have and exercise all the powers and duties necessary to administer or incidental to administering this chapter, and in connection therewith shall have such of the powers, duties, and remedies provided in section 228j(b) (4) of this title, with respect to the administration of said Act, as are not inconsistent with the express provisions of this chapter. * * *"

"228j(b) 4. The Board shall establish and promulgate rules and regulations to provide for the adjustment of all controversial matters arising in the administration of such sections * * *."