**William John KAISER, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

**No. 234, Docket 25413.**

United States Court of Appeals
Second Circuit.

Argued Feb. 3, 1959.

Decided Feb. 27, 1959.

William John Kaiser, petitioner, pro se.

Myles F. Gibbons, Gen. Counsel, Railroad Retirement Bd., Chicago, Ill. (David B. Schreiber, Asso. Gen. Counsel, and Edward E. Reilly and O. Marvin Funk, Railroad Retirement Board, Chicago, Ill., on the brief), for respondent.

Before CLARK, Chief Judge, MADDEN, Judge, United States Court of Claims,* and HINCKS, Circuit Judge.

MADDEN, Judge.

This proceeding was instituted by the petitioner to obtain a review of a decision of the respondent Railroad Retirement Board, an independent agency in the executive branch of the Government of the United States. Section 5(f) of the Railroad Unemployment Insurance Act (52 Stat. 1100, as amended, 45 U.S. C.A. § 355(f), herein sometimes called the Act, provides that any claimant aggrieved by a decision of the Board may obtain a review of the decision by filing a petition for review in the United States Court of Appeals for the Circuit in which he resides, for the Seventh Circuit, or for the District of Columbia. The petitioner resides in this Circuit.

---

* Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).

The petitioner claimed unemployment and sickness benefits under the Act, §§ 351–367 for various days from July 28, 1952 through August 21, 1957, and was paid $1,081.65 as such benefits. On one of petitioner's claims filed in 1957 the petitioner stated that he was receiving a fireman's pension of $130.31 per month. The Board, upon investigation learned that the petitioner had retired from the City of New York Fire Department effective August 1, 1943, on an annual pension of $1600 per year, pursuant to the provisions of Section B19-4.0, subd. c, par. 1, of the Administrative Code of the City of New York.

The Board has since recouped from the plaintiff, by withholding amounts to which he would otherwise have been entitled under the Act, a part of the $1,081.-65 which it had paid him.

Section 4(a-1) of the Railroad Unemployment Insurance Act (45 U.S.C.A. § 354(a-1) provides:

"There shall not be considered as a day of unemployment, or as a day of sickness, with respect to any employee—

\* \* \* \* \* \*

"(ii) any day in any period with respect to which the Board finds that he is receiving or will have received annuity payments or pensions under the Railroad Retirement Act of 1935 or the Railroad Retirement Act of 1937, or insurance benefits under title II of the Social Security Act, or unemployment, maternity, or sickness benefits under an unemployment, *maternity, or sickness com*pensation law of any State or of the United States other than this Act, *or any other social-insurance payments under a law of any state or of the United States.*" (Italics supplied.)

Section 4(a-1) goes on to provide that, in specified situations, payments made may be recovered by the Board, and to provide that if the amounts payable under the Act are greater than the amounts received by the employee from the other designated source, the difference shall be paid to the employee.

■ The Board decided that the fireman's pension received by the petitioner under the New York City law was a "social insurance payment" under a law of the State of New York.

The Administrative Code of the City of New York is a law of the State of New York within the meaning of the language of the Act here involved. The city may enact laws only as it is authorized to do so by the State, through the State's Constitution or statutes. Application of Costello, 202 Misc. 51, 107 N.Y.S.2d 726, 732. See Atlantic Coast Line R. Co. v. City of Goldsboro, 232 U.S. 548, 555, 34 S.Ct. 364, 58 L.Ed. 721, for pertinent precedents.

■ The petitioner urges that the fireman's pension which he received was not a "social insurance payment," within the meaning of section 4(a-1) of the Act. The Board's considered decision that it was a social insurance payment is entitled to considerable weight. State and local employee retirement systems are commonly referred to by writers in the field as social insurance programs. See the Social Security Bulletin for October, 1958, Table 1, p. 23; Social Security Almanac, National Industrial Conference Board, Inc. (1949), p. 4. The fact that the petitioner's pension is of the nature of deferred pay, earned while in active service as a fireman, does not remove it from the area to which the expression "social insurance" is commonly applied. See Ball, Social Insurance and the Right to Assistance, Social Service Review, September 1947, p. 338; Burns, The American Social Security System (1949), p. 29. The discussion before the Congressional Committee when it was considering the bill which included the provision contained in section 4(a-1) shows that the participants regarded retirement systems set up by State and local governments as a form of social insurance. See Hearings before the Committee on Interstate and Foreign Commerce, House of Representatives,

Seventy-ninth Congress, 1st Session, on H.R. 1362, p. 952.

Our conclusion is that the decision of the Railroad Retirement Board was correct and it is

Affirmed.