Paul E. LOWE, Petitioner,

v.

RAILROAD RETIREMENT BOARD, Respondent.

No. 17266.

United States Court of Appeals Ninth Circuit.

June 26, 1961.

Paul E. Lowe, in pro. per.

Myles F. Gibbons, Gen. Counsel, R. R. Retirement Board, David B. Schreiber,

on the alternative theory. In re Schwartz, 2 Cir., 1937, 89 F.2d 172.

Asst. Associate Gen. Counsel, Chicago, Ill. (Edward E. Reilly and O. Marvin Funk, Chicago, Ill., of counsel), for respondent.

Before MERRILL and KOELSCH, Circuit Judges, and CROCKER, District Judge.

PER CURIAM.

This proceeding was instituted by petitioner to obtain a review of a decision of the Railroad Retirement Board, an independent agency in the executive branch of the United States Government. The board held petitioner not entitled after December 17, 1959, to receive unemployment benefits under the Railroad Unemployment Insurance Act. 52 Stat. 1094, as amended, 45 U.S.C. §§ 351–367.

With the exception of five days, petitioner was unemployed since January 2, 1959. He had applied for and been granted benefits in the sum of $2,478.60 for unemployment from January 2, 1959, to December 16, 1959. By this proceeding he seeks additional benefits for subsequent unemployment.

The board ruled that under regulations, 20 C.F.R. § 327.15, petitioner had not sufficiently shown that he was making reasonable efforts to obtain work; accordingly, that under 20 C.F.R. § 327.5 he had failed to show that he was willing and ready to work and that he was "available for work" under § 1(k) of the Railroad Unemployment Insurance Act, 45 U.S.C. § 351(k).[1] The board therefore ruled that he was not entitled to benefits.

Upon review the board's decision is not to be set aside if it is supported by substantial evidence, is not arbitrary and has a reasonable basis in law. Southern Development Company v. Railroad Retirement Board, 8 Cir., 1957, 243 F.2d 351, 353.

The board stated:

"Although appellant [petitioner] has been unemployed since December, 1958, he has in the period in question made very few applications for work in person. What attempts he did make to get employment were restricted almost entirely to writing letters and making telephone inquiries about 'management' jobs. He had no good prospects of getting a management job; and if he was able to do 'management' work there were other kinds of more or less sedentary and nonstrenuous work he should have been able to do also. The record plainly shows that he made no earnest efforts to obtain other kinds of work."

As also reflecting upon his availability for work, the board took notice of the fact that in 1960 petitioner had applied for disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq., at which time he had stated: "I am disabled and unable to work. My condition has become progressively worse during the last couple of years and I am no longer able to do any work."

We are satisfied upon the record that the board's decision was not arbitrary and had a reasonable basis in law.

Affirmed.

---

1. Section 1(k) of the Act defines "a day of unemployment" with respect to an otherwise qualified employee as in part "a calendar day on which he is able to work and is available for work and with respect to which (i) no remuneration is payable or accrues to him * * *."

20 C.F.R. § 327.5(a) provides:

"A claimant for unemployment benefits is available for work if he is willing and ready to work."

20 C.F.R. § 327.15(a) provides:

"A claimant may be required at any time to show, as evidence of willingness to work, that he is making reasonable efforts to obtain work which he professes to be willing to accept and perform, unless he has good prospects of obtaining such work or his circumstances are such that any efforts to obtain work other than by making application for employment service pursuant to section 325.13 of this chapter would be fruitless to the claimant."

These regulations have been recognized by this court as authorized and lawful. McFarland v. Railroad Retirement Board, 9 Cir., 1957, 250 F.2d 668, 670.