Earl H. AKINS, Petitioner,

v.

**UNITED STATES RAILROAD RETIREMENT BOARD, Respondent.**

No. 82–7584.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1983.

Decided Dec. 5, 1983.

Earl H. Akins, pro se.

Stanley Jay Shuman, Chicago, Ill., for respondent.

Before ALARCON, CANBY and REINHARDT, Circuit Judges.

CANBY, Circuit Judge:

Earl H. Akins seeks review of a decision of the United States Railroad Retirement Board denying him unemployment benefits under the Railroad Unemployment Insurance Act, 45 U.S.C. §§ 351–67 (1976) (Act). Following his retirement from the Army, Akins began working for the Burlington Northern Railroad. Two years later, his employer reduced his hours and ultimately furloughed him. Akins then applied for benefits under the Act. The Board held that Akins's military retirement pay was a form of "social-insurance payment" within the meaning of section 4(a–1)(ii) of the Act, 45 U.S.C. § 354(a–1)(ii). That section ex-

cludes as a day of unemployment any day in which the claimant:

> received . . . insurance benefits under Title II of the Social Security Act, or unemployment, maternity, or sickness benefits under an employment, maternity, or sickness compensation law other than this chapter, *or any other social-insurance payment* under any law . . . .

*Id.* (emphasis added). Provisos to section 4(a–1)(ii) then permit partial payment of benefits under the Act if social-insurance payments otherwise received do not exceed the level of benefits due under the Act. The Board denied Akins any benefits because his military retirement pay exceeded the level of railroad unemployment benefits payable under the Act.

Akins petitioned this court for review of the Board's decision, pursuant to 45 U.S.C. § 355(f). We affirm the decision of the Board.

### ANALYSIS

■ The sole question presented is whether the Board correctly classified military retirement pay as a "social-insurance payment" and properly offset it against Akins' railroad unemployment benefits. We will not set aside the Board's decision if it is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law. *Lowe v. Railroad Retirement Board,* 294 F.2d 115, 116 (9th Cir.1961) (per curiam).

■ The Board relied on *United States v. Gritta,* 1 R.R. Retirement Rep. (CCH) ¶ 4562 (S.D.Tex.1968). The *Gritta* court held that military retirement payments are "other social-insurance payments" within the meaning of 45 U.S.C. § 354 (a–1)(ii). That court relied on *Kaiser v. Railroad Retirement Board,* 264 F.2d 684 (2d Cir. 1959), where the court held that even though a New York City fireman's pension is "earned while in active service as a fireman, [that] does not remove it from the area to which the expression 'social insurance' is commonly applied." *Id.* at 686. *See also Culley v. Railroad Retirement Board,* 308 F.2d 573 (2d Cir.1962) (per cu-

riam) (same); *United States v. Regan,* 1 R.R. Retirement Rep. (CCH) ¶ 4312 (E.D.N. Y.1960) (policeman's pension). We conclude that the Board was correct in applying these decisions to Akins's case. No reason appears why military pensions should be treated differently from police or firemen's pensions.

■ The legislative history of the Act also supports the Board's position. *See* Hearings on H.R. 1362 Before the House Committee on Interstate and Foreign Commerce, 79th Cong., 1st Sess. 951–52 (1945) (statement of Davis B. Robertson, President of the Brotherhood of Locomotive Firemen and Engineers). In addition, Congress has not seen fit to enact any of several proposals to exclude military retirement pay from the definition of "social-insurance payments" in the Act. *E.g.,* H.R. 9751, 92d Cong., 1st Sess. (1971); H.R. 2722, 63d Cong. 1st Sess. (1973). While not conclusive, *see Chrysler Corp. v. Brown,* 441 U.S. 281, 299–300, 99 S.Ct. 1705, 1716–1717, 60 L.Ed.2d 208 (1979), the failure of these bills suggests a congressional intent that military retirement pay be offset against railroad unemployment benefits. Finally, neither the Unemployment Compensation Amendments of 1976, Pub.L. No. 94–566, 90 Stat. 2667, 2680 (1976), nor the Multiemployer Pension Plan Amendments Act of 1980, Pub.L. 96–364, 94 Stat. 1208 (1980), apply to the Railroad Unemployment Insurance Act.

We hold that military retirement pay is a form of "social-insurance payment" under 45 U.S.C. § 354(a–1)(ii). If military retirement pay is to be excluded from the scope of "social-insurance payment," that must be done by the Congress, not the courts.

PETITION DENIED.