**Alfonso CALDERON, Petitioner,**

v.

**UNITED STATES RAILROAD RETIREMENT BOARD, Respondent.**

**No. 84–7756.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 1985.

Decided Jan. 15, 1986.

---

James F. Gilwee, Crow, Lytle, Gilwee, Donoghue, Adler & Weninger, Sacramento, Cal., for petitioner.

Edward S. Hintzke, Asst. Gen. Counsel, Michael C. Litt, Gen. Atty., and Steven A. Bartholow, Deputy Gen. Counsel, U.S. R.R. Retirement Bd., Chicago, Ill., for respondent.

Before DUNIWAY, ANDERSON, and PREGERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Alfonso Calderon appeals the decision of the Railroad Retirement Board which affirmed the appeals referee's decision that June 19, 1982 was the beginning date of Calderon's disability annuity. We affirm the decision of the Board.

## FACTUAL BACKGROUND

On November 23, 1981, Calderon was disqualified from railroad service pending a medical evaluation. Disputing the disqualification, he applied for unemployment benefits. Calderon was thereafter recalled to work in June 1982, working from June 16 to June 18 and receiving $249.21 in compensation.

On September 2, 1982, Calderon filed an application for a disability annuity under the Railroad Retirement Act of 1974 (45 U.S.C. § 231, et seq.). An accompanying statement alleged that his disability began in November 1981. The Bureau of Retirement Claims granted his request for an annuity on November 22, 1982, but because of the three-day work period in June 1982, made the annuity effective June 19, 1982.

Calderon appealed the decision on May 2, 1983, contending that his annuity should have commenced on November 23, 1981, the date of his disability. His request for a hearing was denied because no factual issues were deemed to be in controversy. The appeals referee affirmed the June 19, 1982 date as the earliest date Calderon's annuity could begin. The Railroad Retirement Board affirmed and adopted the decision of the appeals referee. Calderon then appealed to this court.

## STANDARD OF REVIEW

This court will not set aside a decision of the Board "if it is supported by substantial evidence, is not arbitrary and has a reasonable basis in law." *Akins v. Railroad Retirement Board,* 721 F.2d 652, 653 (9th Cir.1983); *Lowe v. Railroad Retirement Board,* 294 F.2d 115, 116 (9th Cir.1961) (per curiam).

## DISCUSSION

Calderon's employer reported that it paid Calderon $249.21 in compensation for one month of service in 1982 and that the date

he last worked was June 18, 1982. The Railroad Retirement Act provides that an annuity shall begin "not earlier than ... the date following the last day of compensated services of the applicant." 45 U.S.C. § 231d (a)(iii). Calderon does not dispute the fact that he worked from June 15, 1982, to June 18, 1982. He does, however, allege that the three-day period was only a "trial work period" and, therefore, did not change his date of disability. Calderon, while admitting that there is no trial work provision in the Railroad Retirement Act (RRA), argues that this court should look to the Social Security Act for disability guidelines. We decline to do so.[1]

Congress, when passing the RRA, provided for occupational disability annuities. In so doing, Congress enacted provisions to define the qualifications and conditions of awarding such annuities. Nothing is mentioned regarding a trial work period and this court does not have the power to amend an act of Congress to provide such a work period. *United States v. Rutherford*, 442 U.S. 544, 99 S.Ct. 2470, 61 L.Ed.2d 68 (1979). Justice Marshall, speaking for a unanimous court in *Rutherford*, 442 U.S. 544, 99 S.Ct. 2470, 61 L.Ed.2d 68 (1979), stated that:

> Under our constitutional framework, federal courts do not sit as councils of revision, empowered to rewrite legislation in accord with their own conceptions of prudent public policy. See *Anderson v. Wilson*, 289 U.S. 20, 27, 77 L.Ed. 1004, 53 S.Ct. 417 [420] (1933). Only when a literal construction of a statute yields results so manifestly unreasonable that they could not fairly be attributed to congressional design will an exception to statutory language be judicially implied. See *TVA v. Hill*, 437 U.S. [153] at 187–88, 57 L.Ed.2d 117, 98 S.Ct. 2279 [2298 (1978)]. Here, however, we have no li-

cense to depart from the plain language of the Act.

*Id.* at 555, 99 S.Ct. at 2477.

This court must look to the RRA to determine when Calderon's annuity begins. 45 U.S.C. § 231d(a) provides that "... an annuity ... shall begin with the month in which eligibility therefor was otherwise acquired, but ... not earlier than ... the date following the last day of compensated service of the applicant." "Compensation" is defined in 45 U.S.C. § 231(h)(1) as "any form of money remuneration paid to an individual for services rendered as an employee to one or more employers...." 45 U.S.C. § 231(d)(1) states that:

> "An individual is in the service of an employer whether his service is rendered within or without the United States if—
>
> (i)(A) he is subject to the continuing authority of the employer to supervise and direct the manner of rendition of his service, or (B) he is rendering professional or technical services and is integrated into the staff of the employer, or (C) he is rendering, on the property used in the employer's operations, personal services the rendition of which is integrated into the employer's operations; and
>
> (ii) he renders such service for compensation, or a method of computing the monthly compensation for such service is provided in section 231b(j) of this title."

Based on the foregoing facts and statutes, it is clear that Calderon's disability annuity cannot begin until after his last day of compensated service: June 18, 1985. This court is satisfied upon the record that the Board's decision was supported by substantial evidence, was not arbitrary, and had a reasonable basis in law.

The decision of the Board is

AFFIRMED.

---

1. We disagree with the dissent's argument that in this case we should look to cases interpreting the Social Security Act. The dissent bases this argument on the similarity of 42 U.S.C. § 1382c(a)(4)(A) of the SSA and 45 U.S.C. § 231a(e)(3) of the RRA. This section of the RRA speaks of an individual already in receipt of an annuity when compensated service is rendered. Calderon, at the time he rendered compensated service, was not yet in receipt of an annuity. Therefore, 45 U.S.C. § 231a(e)(3) of the RRA is not applicable to the case at hand.

PREGERSON, Circuit Judge, dissenting.

I dissent.

Neither the Railroad Retirement Act (RRA) nor the regulations promulgated thereunder expressly provide for a "trial work period." But the RRA does provide: "No annuity under subsection (a)(1) of [section 231a] ... shall be paid with respect to any month in which an individual in receipt of an annuity ... thereunder shall render compensated service to an employer...." 45 U.S.C. § 231a(e)(3). Thus, once an annuity begins, compensated service during a trial work period only *suspends* the disabled employee's entitlement to the annuity for any month during which such service is rendered.

The Social Security Act (SSA), however, expressly provides for a period of trial work for disabled individuals. 42 U.S.C. § 1382c(a)(4)(A).[1] The underlying principle of the SSA's "trial work period" is that services performed during that period are "deemed not to have been rendered for the purpose of determining whether the individual's disability ceased." *Parish v. Califano,* 642 F.2d 188, 193 (6th Cir.1981).

42 U.S.C. § 1382c(a)(4)(A) of the SSA and 45 U.S.C. § 231a(e)(3) of the RRA are functionally parallel provisions because both deal with the effect of trial work upon entitlement to disability benefits. Because these parallel provisions are directed at the same underlying problem regarding suspension of disability payments during trial work periods, we should look to social security cases to guide us in determining Congress's intent as it relates to the instant railroad retirement case. *See Estes v. Railroad Retirement Board,* 776 F.2d 1436, 1438 (9th Cir.1985); *Burleson v. Railroad Retirement Board,* 711 F.2d 861, 862 (8th Cir.1983).

The "trial work period" expressly provided by section 1382c(a)(4)(A) of the SSA allows for a trial work period of up to nine months *after* an application for disability is filed. *See* 20 C.F.R. § 404.1592(e); *Parish,* 642 F.2d at 193. In considering the rationale that underlies section 1382c(a)(4)(A), the Sixth Circuit in *Parish* held that "[i]t would be reasonable to apply the same principle to an attempt to work *before* filing an application for benefits." *Id.* (Emphasis added.) Unsuccessful trial work *before* applying for social security benefits, therefore, is also deemed not to have been rendered for the purpose of determining when an individual is entitled to disability payments.

The reasoning of *Parish* is persuasive and should be applied in the instant case. *Cf. Estes,* 776 F.2d 1436, 1438–39 (following *Parish* in holding that employment of a multiple sclerosis victim during a remission period did not constitute "substantial gainful employment" under the RRA disability provisions). Like trial work, an individual's compensated service rendered *before* applying for RRA benefits should not, under the *Parish* rationale, control whether the individual's disability had in fact ceased. Consequently, Calderon's three-day trial work period in June 1982 should indicate nothing about whether his disability had actually ceased at that time. To start Calderon's annuity on June 19, 1982 because he rendered compensated service for three days would use the "compensated service" language of 45 U.S.C. § 231d(a)(iii) to determine, in effect, that Calderon's disability had ceased before that date. Because the referee acknowledged that Calderon's disability began in November 1981, to deny Calderon annuity payments from that time would treat "compensated service" during the trial work period as a determination that his disability had actually ceased before June 1982, whereas the contrary is in fact true. This, I submit, is not a reasonably legitimate construction of the operative statutory language.

The Board's decision to start Calderon's annuity on the day following his three days

---

**1.** This section provides:

For the purposes of this subchapter, any services rendered during a period of trial work [by a disabled person] shall be deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such period.

**816**

of trial work in June 1982 is based on a technical reading of 45 U.S.C. § 231d(a)(iii), and is at odds with the case law developed under the analogous SSA provision. Moreover, the Board's decision penalizes the conscientious employee who tries to handle his or her old job but is thwarted by disability. Finally, the Board's decision frustrates federal policy of assisting the disabled. The Board's decision should therefore be reversed. The annuity, after deducting proper set-offs, should be computed as of November 23, 1981, the date Calderon became disabled from further railroad service.