5 F.3d 538NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael A. MIKHAIL, Petitioner,v.RAILROAD RETIREMENT BOARD, Respondent.
 No. 92-70254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*Decided Aug. 25, 1993.
 
 Appeal from the Railroad Retirement Board No. A-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.
 R.R.B.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael A. Mikhail appeals pro se the decision of the Railroad Retirement Board (RRB) affirming the appeals referee's decision that he was not entitled to disability benefits under the Railroad Retirement Act of 1974 (RRA), 45 U.S.C. Sec. 231a(a)(1)(v). Mikhail contends (1) there was not substantial evidence to support the RRB's conclusion that he was able to engage in regular employment within the meaning of the RRA, (2) the RRB relied on false medical reports when making its determination, and (3) the RRB improperly considered medical reports from his earlier application for disability benefits with the instant application. We have jurisdiction under 45 U.S.C. Sec. 8 and affirm.
 
 
 3
 We will not set aside a decision of the RRB " 'if it is supported by substantial evidence, is not arbitrary and has a reasonable basis in law.' " Calderon v. R.R. Retirement Bd., 780 F.2d 812, 813 (9th Cir.1986) (quoting Akins v. R.R. Retirement Bd., 721 F.2d 652, 653 (9th Cir.1983)). "A decision is supported by substantial evidence when enough relevant evidence has been presented that a reasonable mind might accept it as sufficient to support a conclusion." Katz v. Secretary of Health and Human Services, 972 F.2d 290, 292 (9th Cir.1992). Credibility determinations and resolution of conflicts in the testimony are matters left to the RRB. See Rand v. Sullivan, 924 F.2d 159, 162 (9th Cir.1990).
 
 
 4
 Under the RRB regulations, a claimant who is able to engage in substantial gainful activity is not entitled to disability benefits under section 231a(a)(1)(v) of the RRA, regardless of his medical condition. 20 C.F.R. Sec. 220.100(b)(1). A self-employed claimant is able to engage in substantial gainful activity if:
 
 
 5
 (1) The claimant's work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired persons in the claimant's community who are in the same or similar businesses as their means of livelihood; [or]
 
 
 6
 (2) The claimant's work activity ... [exceeds or has exceeded statutory minimums] "when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employed person to do the work the claimant is doing....
 
 
 7
 Id. at Sec. 220.144(a); see also Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir.1990) (disability benefits claimant who established a church and produced most of its revenue was engaged in substantial gainful activity even though he did not intend to realize a profit).1
 
 
 8
 Here, Mikhail had a serious heart condition for which he underwent bypass operations in 1983 and 1989. In 1985, he stopped working for the railroad industry and began working as a self-employed street vendor. According to Mikhail's testimony at the hearing before the appeals referee in 1991, he initially sold hot dogs from a pushcart which he leased; later, he sold a variety of sandwiches from a trailer which he owned. He ordinarily sold sandwiches on weekdays from approximately 10:30 a.m. to 2:00 p.m. and purchased food and supplies in the mornings. After his 1989 operation, Mikhail required the assistance of friends to perform certain tasks necessary to the operation of the business, such as hitching and unhitching his trailer. Because he became fatigued more easily, friends also sometimes "spelled" him by selling sandwiches for him. In return for their help, Mikhail gave his friends food.
 
 
 9
 Mikhail stated that he did not keep written records or report the business's income for tax purposes. His statements regarding the business's average gross monthly earnings were conflicting. Nevertheless, he testified that the business earned an average of $350.00 to $400.00 per month from 1987 to 1989 and $300.00 to $350.00 per month from 1990 to 1991, although its earnings varied widely depending upon factors such as weather and police harassment. Except for extended periods of time he took off for his 1989 operation and for a trial regarding alleged health code violations in 1990, Mikhail ran the business continuously from 1985 to 1991. He attributed the decrease in the business's earnings after 1989 to his deteriorating health.
 
 
 10
 Based on Mikhail's testimony, the appeals referee found that he had engaged in substantial gainful activity, relying on the following factors: (1) according to his own estimates, Mikhail earned more than the statutory maximum before 1990; (2) his work activity was comparable to that of an unimpaired person engaged in a similar vending business, and (3) his work activity was worth more than $500.00 when compared to the salary that an owner would pay an employed person for the work he was doing.
 
 
 11
 Mikhail contends the Board erred by determining he was able to engage in substantial gainful activity based upon his vending business because he was self-employed, did not have regular hours or a regular work site, and his medical condition was such that he was unable to run the business without the help of friends. We disagree.
 
 
 12
 Our examination of the record indicates that there is no direct evidence of whether Mikhail's work activity was comparable to that of unimpaired self-employed street vendors in his community, or of the salary an owner would pay an employed person to do the work Mikhail performs. See 20 C.F.R. Sec. 220.144(a)(1), (2). Nevertheless, before 1990 Mikhail's work activity was clearly worth more than the statutory maximum of $300.00 a month when considered in terms of its value to the business. Mikhail testified that he made more than $300.00 a month before 1990 and ran the business without assistance. See id. at Sec. 220.144(a)(2).
 
 
 13
 After 1990 Mikhail required the assistance of friends to perform certain tasks necessary to operate the business and, according to his estimates, he did not earn the statutory maximum of $500.00 a month. Nevertheless, Mikhail's work activity clearly continued to contribute substantially to the operation of the business, given the limited nature of the assistance provided by his friends. See 20 C.F.R. Sec. 220.142(a).
 
 
 14
 That Mikhail was self-employed, did not have regular hours or a regular work site, and required the assistance of friends to run his business does not show that he was unable to engage in substantial gainful activity. See id. at Sec. 220.144(c), (d); see also Katz, 972 F.2d at 294 (despite limits and difficulty, disability benefits claimant's part-time office work constituted substantial gainful activity). We conclude that the RRB's finding that Mikhail was able to engage in substantial gainful activity was supported by substantial evidence. Therefore, we need not consider whether the RRB relied on false medical reports or improperly considered medical reports from Mikhail's earlier application for disability benefits with the instant application. See 20 C.F.R. Sec. 220.100(b)(1). Accordingly, we affirm the RRB's decision. See Katz, 972 F.2d at 294; Keyes v. Sullivan, 894 F.2d at 1056.2
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 1
 Social Security Act cases are persuasive precedent in RRA cases because the standard for disability under both Acts is whether the claimant is able to engage in any substantial gainful activity. See Estes v. R.R. Retirement Bd., 776 F.2d 1436, 1438 (9th Cir.1985)
 
 
 2
 At the time of his application for disability benefits in 1989, Mikhail had not yet attained the age of sixty. Therefore, we do not address whether Mikhail is currently eligible for annuities under any provisions of the RRA other than section 231a(a)(1)(v)