46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James E. WALKER, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 93-70436.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Decided Dec. 30, 1994.
 
 Before: HUG, CANBY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are compelled to affirm by the limited scope of review. The only close issue is entirely factual. The Railroad Retirement Board's findings of fact are conclusive "if supported by evidence and in the absence of fraud." 45 U.S.C. Sec. 355(f). We have construed this as a "substantial evidence" test. Calderon v. U.S. Railroad Retirement Bd., 780 F.2d 812, 813 (9th Cir.1985). We must affirm the Board's interpretation of law if it is "not arbitrary and has a reasonable basis in law." Id.
 
 
 3
 The Board did not abuse its discretion by refusing to reopen the 1982 case, because Mr. Walker was not eligible for retirement then. He had not yet worked 120 months for the railroad at that time. The decision was correct when it was made. Sones v. U.S. Railroad Retirement Bd., 933 F.2d 636, 637-38 (8th Cir.1991), is inapposite. That is because in that case, the original decision finding no eligibility was wrong when made.
 
 
 4
 The difficult issue in this case is whether Mr. Walker "did not know he or she was eligible" for an annuity under the Railroad Retirement Act. 20 C.F.R. Sec. 217.7(a)(1). The hearing officer found that Mr. Walker "was aware of his eligibility for an annuity." The finding raises a question, because the record supports Mr. Walker's argument that he may not have fully understood the significance of his pending claim regarding his 1985 injury and its effect on his eligibility for an annuity. Nonetheless, the hearing officer carefully considered the evidence. His decision is not boilerplate. He found that Mr. Walker "knew he had the 120 or more months of service to qualify," and "there must have been a discussion about it because he stated his reason for not filing." The hearing officer found that Mr. Walker "clearly did not want the social security application used for railroad retirement purposes."
 
 
 5
 We have carefully examined the record to see whether evidence supported the Board's factual conclusion. It does. The application says "I haven't filed a disability claim with the board because of a suit I have pending against them because of the accident. They won't let me file." At the hearing, Mr. Walker was given a full opportunity to explain what he meant by this notation. He said he was "trying to clean this half up before I go in there." It is hard to understand exactly what he had in mind, but our reading allows for the interpretation that Mr. Walker made a judgment, which may or may not have been in his best financial interest, to complete his injury claim before applying for his railroad annuity. That implies that he knew he was eligible for the annuity, but chose not to apply for it until completing his injury claim process. Also, Mr. Walker had been mailed a card which told him how many months of service applied toward his eligibility. While an alternative interpretation might be plausible, we cannot say that the Board's decision was "unsupported by evidence" or by "substantial evidence."
 
 
 6
 The Board's determination that Mr. Walker was not deterred from filing, under 20 C.F.R. Sec. 217.21, was likewise supported by evidence. The record supports the inference that Mr. Walker, not the social security employee, took the initiative, and elected not to apply for the railroad annuity when he became eligible, as we explain above.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3