77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark PATTERSON, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 94-70357.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided Jan. 5, 1996.
 
 Before: BOOCHEVER, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Patterson petitions for review of the Railroad Retirement Board's ("the Board") final decision denying his claim for disability benefits. We reverse the decision of the Board and remand for payment of benefits.
 
 
 3
 Patterson initially brought his claim for benefits in March of 1990. A hearings officer denied the claim on April 15, 1992, and Patterson appealed to the Board. Patterson submitted the 1992 report of Dr. Momberger to the Board as part of his appeal. On March 16, 1993, the Board remanded the case to the hearings officer for supplementary findings regarding whether Patterson was capable of performing substantial gainful activity or whether his residual functional capacity was too limited to permit him to perform such activity.
 
 
 4
 On remand, the hearings officer concluded that Patterson was capable of performing substantial gainful activity and thus denied Patterson's claim for benefits. Without considering the 1992 report of Dr. Momberger, the hearings officer found no basis for finding that Patterson's condition causes pain of such severity that he could not perform sedentary work on a sustained basis. Patterson again appealed to the Board, which then affirmed and adopted the hearings officer's initial decision, as supplemented by the hearings officer's remand memorandum.
 
 
 5
 Patterson petitions for review of the decision of the Board. He argues that the hearings officer violated his procedural rights by failing to receive further argument and evidence, including the 1992 Momberger report, after the Board returned the matter for supplemental findings. He also argues that there was not clear and convincing evidence to support the hearings officer's decision to reject Patterson's testimony that he experiences too much pain to be capable of performing sedentary work on a regular basis. Finally, Patterson argues that there was not substantial evidence on the record as a whole to support the hearings officer's decision that Patterson could perform substantial gainful activity.
 
 1. The 1992 Momberger Report
 
 6
 Board Regulation § 260.9 appears to require consideration of the 1992 Momberger report. It contains provisos to the restriction on receiving new evidence on appeal as follows:
 
 
 7
 Provided, however, that if upon final appeal to the Board, the Board finds that new or better evidence is available, the Board may obtain such evidence, in which event the Appellant shall be advised with respect to such evidence and given an opportunity to submit rebuttal evidence and argument:
 
 
 8
 Provided further, that in the event that pursuant to the proceeding proviso, material evidence is developed which tends to show facts contrary to those found by the Hearings Officer, or in the event that the Appellant shows that he is ready to present further material evidence, which for good reason he was not able to present to the Hearings Officer, the claim may be referred back to the Hearings Officer. Thereupon, the Hearings Officer shall develop additional evidence for inclusion in the record....
 
 
 9
 20 C.F.R. § 260.9(d) (emphasis added).
 
 
 10
 Here, the claim was referred back to the hearings officer after Patterson had submitted the 1992 follow-up report of Dr. Momberger, which was not available at the time of the prior hearing and which contained material evidence about Patterson's worsening condition. The 1992 report indicated that Patterson was unable to perform a full range of sedentary work, contrary to the initial findings of the hearings officer. The report also noted that Patterson's condition was progressively worsening and that he was incapable of sitting for longer than thirty minutes.
 
 
 11
 The findings in the 1992 report were not merely reiterations of those contained in the earlier report. Unlike the 1992 report, the 1990 report gave conflicting accounts regarding Patterson's ability to sit, and at one point, noted that Patterson reported his ability to sit as quite good. The hearings officer specifically referred to this latter account of Patterson's ability to sit in determining whether Patterson could perform sedentary work for most of an average work day. Only by ignoring the 1992 report was the hearings officer able to conclude that Patterson "had no real problems with sitting."
 
 
 12
 When the claim was resubmitted to the hearings officer, the 1992 report was part of the record and should have been considered by the hearings officer. It makes no sense to refer the matter back to the hearings officer for the purpose of making supplemental findings regarding whether Patterson was capable of performing substantial gainful employment, without having the hearings officer review all of the relevant evidence. To require the filing of a new claim, in order to have the hearings officer review that which was already filed with the Board and was previously unavailable, is an absurd inefficiency not required by the regulations. An applicant should be required to leap through only so many hoops before being entitled to a decision based on all available evidence.
 
 
 13
 Accordingly, the Board erred when it affirmed the hearings officer's decision, which failed to consider the 1992 report of Dr. Momberger.
 
 2. The Credibility Finding
 
 14
 The hearings officer found that Patterson's testimony that he experiences too much pain to be capable of performing sedentary work was not credible. The hearings officer erred in making this finding because there was not clear and convincing evidence to justify rejecting Patterson's testimony.
 
 
 15
 Where there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the hearings officer's reason for rejecting the claimant's testimony must be clear and convincing, and supported by specific findings. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir.1986). See Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.1991) (en banc) (citing Elam v. Railroad Retirement Board, 921 F.2d 1210, 1215 (11th Cir.1991)).
 
 
 16
 In the present case, there was medical evidence establishing an objective basis for Patterson's reported pain and related symptoms. Patterson sustained a serious back injury in 1975 and had surgery on two occasions in 1976. In 1990, x-rays revealed that the 1976 fusion surgery had not relieved the problems associated with Patterson's injury. Patterson continues to suffer from a nonunion of vertebrae attempted to be fused, which causes pain and an inability to walk, sit or stand for extended periods of time.
 
 
 17
 Despite the medical evidence supporting Patterson's claims of pain and discomfort, the hearings officer concluded that Patterson was able to perform sedentary work on a sustained basis. In reaching this conclusion, the hearings officer rejected Patterson's testimony that he experiences pain which renders him incapable of sitting regularly for an eight hour workday. The hearings officer justified his rejection of Patterson's testimony by noting that Patterson sporadically worked a few hours per day as a handyman, cared for a few head of cattle, received no regular medical care and used no medication for pain. These findings do not constitute clear and convincing evidence justifying rejection of Patterson's testimony of pain.
 
 
 18
 Patterson only worked an average of 30 hours per month, or two to four hours a day, far less than the eight hours a day required of full-time sedentary work. In 1991, Patterson testified that he could not sit for longer than one hour at a time. By 1992, with the progressive worsening of his condition, Patterson would only sit for thirty minutes at a time and then would not work at all for several hours. This work done by Patterson as a handyman does not establish that he is able to perform sedentary work on a sustained basis.
 
 
 19
 Between June and November, 1991, Patterson owned three calves. He did not have to feed the calves regularly because they lived within the confines of a fenced pasture. Patterson received help raising the calves from his wife and daughter. The record does not provide further information regarding any activities performed by Patterson in raising the calves. These activities associated with ownership of the calves also fails to establish that Patterson is able to perform eight hours of sedentary work per day on a regular basis.
 
 
 20
 Patterson did not receive regular medical care for two reasons. First, he lacked the financial resources to do so. Second, Dr. Momberger's office was more than 150 miles from Patterson's residence, which made travelling to the doctor quite difficult. As for Patterson's failure to take medication, Patterson testified that the medication had undesirable side effects and did not effectively relieve his symptoms. This failure to obtain regular medical care and use medication for pain does not establish that Patterson is able to perform eight hours of sedentary work per day on a regular basis.
 
 
 21
 Accordingly, the Board erred when it affirmed the hearings officer's decision, which rejected Patterson's testimony that he experiences pain which renders him incapable of sitting regularly for an eight hour workday.
 
 
 22
 3. Ability to Perform Substantial Gainful Activity
 
 
 23
 The hearings officer found Patterson was able to perform substantial gainful activity because he was capable of performing sedentary work on a sustained basis. We review this finding to determine whether it was supported by substantial evidence. Calderon v. United States Railroad Retirement Board, 780 F.2d 812, 813 (9th Cir.1986). Although this is a close case, we conclude based on the record as a whole that there was not substantial evidence that Patterson was capable of sitting and working for long enough to perform substantial gainful activity.
 
 
 24
 Sedentary work may constitute substantial gainful activity. Under the Board's regulations, however, such work requires sitting for most of an average work day. 20 C.F.R. § 220.132. Under this standard, we cannot conclude that there was substantial evidence that Patterson was able to perform substantial gainful activity.
 
 
 25
 It is uncontrovertible that Dr. Momberger's surgery many years ago resulted in a nonunion which has produced severe pain and disability because of the severe damage to the spine. Moreover, according to the 1992 Momberger report, with the progressive worsening of his condition, Patterson can work only two to four hours per day and for only thirty minutes at a time before having to take a break for several hours. Even if the 1992 report is not considered, the evidence indicates that Patterson has not worked an eight hour day in years and is able to sit for only one hour at time before experiencing severe pain. Being able to sit for an hour, without any evidence that sedentary work could be performed on a sustained basis, is not enough to support a finding that Patterson can perform substantial gainful activity.
 
 
 26
 In addition to the regulations relating to sedentary work, the regulations provide that the Board will treat self employment as substantial gainful activity if the employment is comparable in hours and other measures to that of unimpaired individuals, is clearly worth $300 a month before 1990 and $500 a month thereafter, or generates substantial income from a business. 20 C.F.R. § 220.144(a)(1)-(3). Work that generates less than $300 a month after 1989 generally is not considered substantial gainful activity. 20 C.F.R. § 220.143(b)(3)(vii). Though Patterson could do some chores, and could sit and do some work for limited periods of time, there is nothing in the record to support the proposition that he could meet any of these criteria for substantial gainful activity.
 
 
 27
 There was evidence that Patterson worked thirty hours per month for approximately eight dollars an hour. Such monthly income of approximately $240 per month clearly falls within the range that indicates the work is not substantial gainful activity. Further, substantial evidence indicates, and the hearings officer found, that Patterson has not performed substantial gainful activity, with the exception of 1989, since 1983. This long history of failing to meet the criteria for substantial gainful activity is highly persuasive evidence of his physical inability, especially given his objectively demonstrated nonunion with radicular neuropathy and other ordinary progression.
 
 
 28
 Accordingly, the Board erred when it affirmed the hearings officer's decision, which found that Patterson could perform substantial gainful activity.
 
 CONCLUSION
 
 29
 "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.1987). See 45 U.S.C. § 355(f). Because we find that there was not substantial evidence on the record as a whole to support the Board's conclusion that Patterson could perform substantial gainful activity, we reverse the decision of the Board and remand for payment of benefits.
 
 
 30
 REVERSED and REMANDED.
 
 
 31
 KLEINFELD, Circuit Judge, concurring, joined by Circuit Judge FERNANDEZ:
 
 
 32
 I concur in Part 3 of the disposition and the Conclusion. Because this is a sufficient basis for the result, I would not reach the issues decided in Parts 1 and 2.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3