FILED

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN R. NELSON, | No. 11-72201 |
| Petitioner, | RRB No. 10-AP-0021 |
| v. | |
| U. S. RAILROAD RETIREMENT BOARD, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of a Decision of the
Railroad Retirement Board

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Benjamin R. Nelson petitions pro se for review of the Railroad Retirement

Board's (the "Board") decision affirming, under the Railroad Retirement Act of

1974, the reduction of Nelson's railroad retirement annuity by the amount of his

widower's social security disability benefits.  We have jurisdiction under 45 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 231g, and we deny the petition.

We uphold the Board's decision affirming the reduction of Nelson's railroad retirement annuity because it "'is supported by substantial evidence, is not arbitrary, and has a reasonable basis in the law.'" *Calderon v. U.S. R.R. Ret. Bd.*, 780 F.2d 812, 813 (9th Cir. 1986) (citations omitted); *see also* 45 U.S.C. § 231b(h)(6) (prohibiting dual railroad retirement and spousal social security benefits unless entitlement to spousal benefits was determined before August 13, 1981); *id.* § 231b(m) (railroad retirement annuity "shall" be reduced by the amount of any monthly benefit under the Social Security Act); *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 168 (1980) (to maintain solvency in the railroad retirement and social security systems, railroad employees who did not qualify for retirement benefits as of January 1, 1975 do not receive dual or "windfall" benefits).

Issues raised for the first time in Nelson's reply brief regarding the Board's alleged fraud in calculating the taxable portions of Nelson's annuity are deemed waived. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

Nelson's contentions regarding alleged discrimination resulting from the potential award of greater retirement benefits to couples where both spouses worked for the railroad, and the allegedly retroactive misapplication of the Railroad Retirement Act of 1974, are unpersuasive.

We treat Nelson's letter submitted on May 14, 2012 as a request for extension of time to file his reply brief, and grant the request. The Clerk shall file Nelson's reply brief, submitted on February 10, 2012.

Nelson's request for appointment of counsel, submitted on July 20, 2012, is denied. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (discussing the "exceptional circumstances" requirement for appointment of counsel).

**PETITION FOR REVIEW DENIED.**